**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

IN THE MATTER OF THE SEARCH OF:

**DROPBOX ACCOUNTS ASSOCIATED**          **CASE NO.: 5:19-mj-109-MJF**
**WITH EMAIL ADDRESSES**
**LOGAN.ROSBOROUGH@HOTMAIL.COM**
**AND**
**WAVE.DRAGON.KID@GMAIL.COM**
_____/

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Scott T. Sikes, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the United States Homeland Security

Investigations in the United States Department of Homeland Security (hereinafter

referred to as HSI).  As a Special Agent with HSI, I am an "investigative or law

enforcement officer" within the meaning of Title 18, United States Code, § 2510(7),

that is, an officer of the United States who is empowered by law to conduct

investigations of and to make arrests for offenses enumerated in Title 18, United

States Code, § 2516.

2.      I have been employed with HSI for nine years and I am assigned to the

Panama City, Florida Resident Agent in Charge Office (RAC/Panama City) of the

Tampa Special Agent in Charge Office, which has jurisdiction over Northern

RCVD USDC FLND PC
DEC 9 '19 PM 1:01

Florida. As a Special Agent, I am responsible for investigating a wide range of federal crimes to include child exploitation and child pornography. I have received training and actual experience relating to Federal Criminal Procedures, Federal Statutes and HSI Regulations. I have also spoken with and been advised by other agents regarding criminal child exploitation and child pornography activity. I have successfully completed the Criminal Investigator Training Program and HSI Special Agent Training at the Federal Law Enforcement Training Center in Brunswick, Georgia, where I received instruction on many subjects to include the investigation of child exploitation and human trafficking crimes.

3.      I have participated in investigations involving the investigation of child exploitation and child pornography crimes. I am familiar with the manner in which online social media platforms, such as Instagram and others, can be used as a method of communication, as well as of recruitment by individuals involved in child pornography crimes. I also am aware that individuals involved in these types of offenses frequently conduct their business using electronic forms of communications to further their illegal activities, including, but not limited to, use of cellular telephones, pay phones, prepaid calling cards and digital display paging devices, social media, including Instagram, and their use of numerical codes and coded and/or cryptic language, words, and references to conduct their offenses.

4.     As part of my duties as a HSI Special Agent, I have participated in long-term historical conspiracy investigations, as well as complex investigations targeting individuals and organizations involved in producing and sharing child pornography. I have testified in federal judicial proceedings. I have been involved in the debriefing of defendants, witnesses and informants.   Further, I have participated in numerous criminal investigations in which I have conducted or participated in physical surveillance, electronic surveillance, undercover transactions, and the execution of search warrants. I have also supported Title III investigations involving the use of electronic communications interceptions through monitoring, technical operations, surveillance, arrests and prosecution.

5.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Logan ROSBOROUGH and others to be identified, have committed violations of Title 18, United States Code, Section 2252A(a)(2) (Distribution and Receipt of Child Pornography) and Title 18, United States Code, Section 2252A(a)(5) (Possession of Child Pornography).   This affidavit is made in support of an application for a search warrant under 18 U.S.C.

§§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Dropbox, Inc. (hereinafter "Dropbox") to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government authorized persons will review that information to locate the items described in Section II of Attachment B.

## BACKGROUND CONCERNING DROPBOX

6. Dropbox is a service that allows its users to store files on Dropbox's servers for free or for a monthly fee. According to Dropbox's privacy policy, found at https://www.dropbox.com/privacy, Dropbox collects and stores account information, the files you upload, download, or access with Dropbox, and usage information. It also collects device information: "We also collect information from and about the device you used to access the Services. This includes things like IP addresses, the type of browser and device you use, the web page you visited before coming to our sites, and identifiers associated with your devices." As an example, online storage mediums such as Dropbox make it possible for the user to have access to saved files without the requirement of storing said files on their own computer, cellular telephone, or other electronic storage device. Dropbox is an "offsite" storage medium for data that can be viewed at any time from any device capable of accessing the internet. Users can store their files on Dropbox and avoid having the

4

files appear on their computer, cellular phone, or other electronic storage device. Anyone searching an individual's device that utilizes Dropbox would not be able to view these files if the user opted only to store them at an offsite such as Dropbox. This is often viewed as advantageous for collectors/purveyors/distributors of child pornography in that they can enjoy an added level of anonymity and security.

7.      Dropbox allows subscribers to obtain accounts at the domain name www.dropbox.com. Subscribers obtain a Dropbox account by registering with an email address. During the registration process, Dropbox asks subscribers to provide basic personal identifying information. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment, including any credit or bank account number.

8.      When the subscriber transfers a file to a Dropbox account, it is initiated at the user's computer, transferred via the internet to the Dropbox servers, and then can automatically be synchronized and transmitted to other computers or electronic devices that have been registered with that Dropbox account. This includes online storage in Dropbox servers. If the subscriber does not delete the content, the files can remain on Dropbox servers indefinitely. Even if the subscriber deletes their account, it may continue to be available on the Dropbox servers for a certain period of time.

9.     Online storage providers typically retain certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account.  In addition, online storage providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.  Because every device that connects to the internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

10.    In some cases, Dropbox account users will communicate directly with Dropbox about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Online storage providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.  To sign into the user's Dropbox account, the user enters an email and password.  Once a user has a Dropbox account, they can invite other Dropbox users to access their shared folders. A

shared folder is one in which more than one user has access to, and can add, download or delete content.

## **PROBABLE CAUSE**

11.      On or about July 10, 2018, the Jackson County Sheriff's Office received a Cybertip from the National Center for Missing and Exploited Children (NCMEC). The Cybertip provided information indicating a user of the social media application, Tumblr, uploaded forty-nine (49) images that were previously identified as child pornography.    The Tumblr user that uploaded forty-nine (49) images of child pornography was identified as "sorryprincess66.tumblr.com."  Tumblr provided the email address associated with Tumblr user "sorryprincess66.tumblr.com" as "wave.dragon.kid@gmail.com" and Internet Protocol (IP) address assigned to user "sorryprincess66.tumblr.com" as being 174.227.131.17.    Tumblr provided associated blog accounts identified as "my-hentia-list-to-watch.tumblr.com," "princesssorry66.tumblr.com," and "jeffthe.tumblr.com."    It is noted that "HENTAI" is Japanese Anime (cartoon style videos) of a pornographic nature.

12.      Jackson County Sheriff's Office (hereinafter "JCSO") Investigator Cheree Edwards viewed the forty-nine (49) images referenced in the NCMEC CyberTip report and confirmed the images depicted child pornography. Investigator Edwards noted many of the images depicted a female minor, approximately five (5)

or six (6) years of age either performing oral sex on an adult male or holding an adult male's penis in her hand.

13. On or about July 17, 2018, Investigator Edwards received supplemental NCMEC CyberTips which provided information that the Federal Bureau of Investigations (FBI) received a referral of possible child pornography being uploaded via uniform resource locator (URL) "https://mega.nz/nz/#!74kkQqQ!pZ-9ZUcn77_dmTUdggpvCH61c_2cCw32NSjptU99_ew." The video referenced in the CyberTip was reported to depict a prepubescent male wearing a yellow shirt and black & white underwear, sitting on a green surface with an unidentified individual. The unidentified individual appears to touch the child's genitalia. The URL identified the location the child pornography was uploaded to be cloud storage application Mega.NZ. MegaNZ, Limited is based in New Zealand.

14. The NCMEC CyberTip indicated the FBI contacted MegaNZ in attempt to identify the account and individual responsible for uploading the child pornography. MegaNZ provided the FBI with email address "wave.dragon.kid@gmail.com" as being associated with the file upload. The FBI contacted Google in attempt to identify the account holder of "wave.dragon.kid@gmail.com" and was provided a recovery email of "logan.rosborough@hotmail.com" and a telephone number of 850-272-5040. The FBI identified the account holder for telephone number 850-272-5040 to be

8

Kimberly Rosborough of 4391 Florence Drive, Marianna, Florida. An opensource query of Facebook revealed Logan ROSBOROUGH to be associated with telephone number 850-272-5040. Logan ROSBOROUGH herein after referred to as "SUBJECT."

15.     On or about July 26, 2018, the JCSO executed a state search and seizure warrant at 4391 Florence Drive, Marianna, Florida. The SUBJECT was present at the residence at time of the search warrant. The SUBJECT had on his person an Apple iPhone which he stated was his only means of communication over the internet and social media.

16.     During a post-*Miranda* interview of the SUBJECT, he confirmed ownership of email account "wave.dragon.kid@gmail.com." The SUBJECT also provided information of his phone number, Tumblr accounts and email accounts consistent with the information provided in the NCMEC CyberTips. The SUBJECT however denied ownership of Tumblr account "sorryprincess66" and "princesssorry66." The SUBJECT claimed he believed his phone had been "hacked." The SUBJECT confirmed ownership of three (3) pages or blogs prior to the time he claimed his phone had been "hacked." The SUBJECT also identified the blogs "my hentia to watch list" and "jeffthe." The SUBJECT stated he could not recall the name of the third blog.

17.     SUBJECT confirmed he did watch anime pornography but claimed he made sure the girls in the videos were eighteen (18) or older.  SUBJECT stated he masturbated while watching erotica stories and fantasies with children but denied being sexually aroused by young children.  SUBJECT denied uploading the forty-nine (49) images referenced in a CyberTip.  When the SUBJECT was asked if he had ever been attracted to or turned on by young children, he would take a long pause before answering.

18.     SUBJECT stated the phone seized at the time of the state search and seizure warrant was a replacement phone he received approximately three (3) months prior.  The phone that was replaced had been dropped in water and sent back as per the insurance policy.  The SUBJECT confirmed he was the only person that had access to his phone, his applications and his emails.

19.     Investigator Edwards submitted the SUBJECT's phone and one other mobile telephone belonging to another resident to the Florida Department of Law Enforcement (FDLE) cyber forensics lab for image and analysis.  FDLE Laboratory Report dated March 7, 2019, indicated they provided six (6) DVD-Rs containing the extracted data.  The extracted data was viewed by HSI Special Agent Noah Miller. Approximately 900 images of child pornographic material were recovered.

20.     HSI/Panama City, with the concurrence of the United States Attorney's Office, adopted the case against SUBJECT, Logan ROSBOROUGH for

federal prosecution. A Federal indictment was returned on July 9, 2019, charging the SUBJECT with Receipt, Distribution, and Possession of Child Pornography. The federal prosecution is pending.

21.    On July 25, 2019, HSI/Panama City executed a Federal arrest warrant and a Federal search and seizure warrant at the residence of the SUBJECT, 4391 Florence Drive, Marianna, Florida 32448. SUBJECT was present at the residence and identified an Apple iPhone discovered on his bed to be his phone. SUBJECT was advised the phone was being detained by order of the Search Warrant. The Apple iPhone is identified by the International Mobile Equipment Identity (IMEI) number 356648084400759.

22.    A forensic examination of the SUBJECT's iPhone was conducted in accordance with the Federal Search and Seizure Warrant. As a result of the forensic examination, a Dropbox account identified by email address "logan.rosborough@hotmail.com" and/or "wave.dragon.kid@gmail.com" was discovered. A Preservation Request was delivered to Dropbox Legal Compliance requesting the Dropbox account identified as "logan.rosborough@hotmail.com" and "wave.dragon.kid@gmail.com" be preserved pending further legal process. The Preservation Request asked for Dropbox to preserve and make available all basic subscriber information, IP logs, stored communications, photographs, videos and documents in possession of Dropbox for the above account.

11

23.     HSI Computer Forensic Agent (CFA) Keith Mundy performed an extraction of data from the iPhone detained by order of the Federal Search and Seizure Warrant executed on July 25, 2019.  CFA Mundy identified the device as an Apple iPhone, IMEI 356648084400759.  CFA Mundy identified files having titles indicative of child pornography.  Examples of three such files are as follows: "12yo getting fucked 3.mp4", "baby anal 30.mp4", and "baby anal.mp4."

24.     Your affiant viewed the iPhone and discovered a Dropbox account with the account titled "T Wave games" having the associated email address of "wave.dragon.kid@gmail.com."   Your affiant viewed images stored within the phone and associated with the Dropbox account and discovered images appearing to depict adult males engaged in sex acts with minor females.  The images and videos were consistent with those recovered from the SUBJECT's cellular telephone seized by JCSO.  One photograph discovered by your affiant depicts a prepubescent female, appearing to be no older than ten years of age, lying nude on her back.  The minor female can be seen with her legs spread exposing her genital area and an adult male appearing to be having intercourse with the minor child.  This file appears to be a video that cannot be viewed unless the device is connected to the Dropbox account via the internet.  The Dropbox account accessible on the device contained some images dated from June 2015 through June 2019.  Another set of images and videos were categorized in the Dropbox application as "missing dates."   Within the

12

"missing dates," your affiant observed a still image from a video file of an Asian female approximately 10-years-old performing oral sex on a male. Without a date range for the images within the "missing dates" category, seizure and search of the entirety of the Dropbox accounts is necessary.

## TECHNICAL TERMS

25.    Based on my training and experience, I use the following technical terms to convey the following meanings:

a.  IP Address: The Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet

often cross state and international borders, even when the devices communicating with each other are in the same state.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

26.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Dropbox to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## CONCLUSION

27.     Based on the forgoing, your affiant requests that the Court issue the proposed search warrant.

28.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

29.      The government will execute this warrant by serving the warrant on Dropbox.  Because the warrant will be served on Dropbox, who will then compile

14

the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

30.     To ensure compliance with 18 U.S.C. §§ 2252 and 2252A, Dropbox does not mail, transport, or deliver child pornography to any person other than as permitted pursuant to 18 U.S.C. § 2258.  Accordingly, absent permission of the Court, Dropbox will not provide information responsive to this warrant should it contain, as is anticipated, child pornography.  The Court has the authority to order Dropbox to disclose responsive data to the Court authorized search warrant by sending it to the government using the U.S. Postal Service or another courier service, notwithstanding 18 U.S.C. §§ 2252 or 2252A, or similar statute or code. Dropbox routinely complies with such orders, which do not place an unreasonable burden on Dropbox.  Accordingly, Attachment B allows for Dropbox to comply with the warrant by sending the results to your affiant by U.S. Mail or other courier.

Respectfully submitted,

_Scott T. Sikes_

Scott T. Sikes / Special Agent
U.S. Department Homeland Security/
Homeland Security Investigations


Subscribed and sworn to before me on this 9th day of December, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

16

## ATTACHMENT A

## Location to be searched

The property to be searched are the Dropbox accounts of "**Logan Rosborough**,"

associated with email addresses logan.rosborough@hotmail.com and

wave.dragon.kid@gmail.com, that are stored at premises owned, maintained,

controlled, or operated by Dropbox, Inc., headquartered at 333 Brannan Street, San

Francisco, CA 94107.

1

## ATTACHMENT B

## Particular Things to be Seized

### I. Information to be disclosed by Dropbox, Inc.

To the extent that the information described in Attachment A is within the possession, custody, or control of Dropbox, Inc. (hereinafter "Dropbox"), including any/all messages, records, files, images/videos, logs, contacts or information maintained by Dropbox or that have been deleted but are still available to Dropbox or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Dropbox is required to disclose the following information to the government for each account or identifier listed in Attachment A:

     a.    The contents of all folders associated with the accounts, including stored or preserved copies of image/video and text files sent to and from the accounts, the source and destination addresses associated with files, and the date and time at which each file was sent; and all contact information thereto with the accounts.

     b.    All transactional information of all activity of the Dropbox accounts described above, including log files, messaging logs, records of session times and durations, dates and times of connecting, and methods of connecting: and emails "invites" sent or received via Dropbox, and any contact lists.

2

c.     All records or other information regarding the identification of the accounts, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the accounts were created, the length of service, the types of service utilized, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, accounts status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

d.     All records or other information stored at any time by an individual using the accounts, including address books, contact and buddy lists, calendar data, pictures, and files; and

e.     All records pertaining to communications between Dropbox and any person regarding the accounts or identifiers, including contacts with support services and records of actions taken.

## II.     Information to be Seized by the Government.

All information described above in Section I that constitutes evidence and instrumentalities of violations of Title 18, United States Code, Sections 2252A,

including, for each account or identifier listed on Attachment A, information including but not limited to the following matters:

(a) Communications, images, or videos concerning/relating to or depicting child pornography;

(b) Evidence indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the account owner;

(c) Evidence indicating the account owner's state of mind as it relates to the crime under investigation;

(d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

(e) The identity of the person(s) who communicated with the user ID about matters relating to the above offenses, including records that help reveal their whereabouts.

## III.   Method of Delivery.

Dropbox, Inc. shall disclose responsive data, if any, by sending said response to HSI Special Agent Scott Sikes, 140 Richard Jackson Blvd., Suite 170, Panama

City Beach, FL 32407 by using the U.S. Postal Service or another courier service notwithstanding 18 U.S.C. §§ 2252 and 2252A or other similar statute or code.